# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

_____

ROBERT STEVENSON,

             Petitioner,

v.

UNITED STATES OF AMERICA,

             Respondent.

17-CV-0580-A
13-CR-0049-A

**DECISION AND ORDER**

_____

      Petitioner Robert Stevenson seeks relief pursuant to 28 U.S.C. § 2255. For the reasons stated below, Petitioner's motion is transferred to the U.S. Court of Appeals for the Second Circuit.

## BACKGROUND

      On January 24, 2014, Petitioner pled guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a). At sentencing, the Court found that Petitioner was a "career offender" under Sentencing Guideline § 4B1.1 and sentenced him principally to 132 months' imprisonment.

      Two years later, Petitioner—represented by counsel—filed his first motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Docket No. 35. Petitioner argued that, after the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), his bank robbery conviction was no longer a "crime of violence," as the Sentencing Guidelines define that term. *See* U.S.S.G. § 4B1.2(a). Likewise, Petitioner argued, his prior convictions for bank robbery and New York State third-degree robbery (the convictions on which his "career offender" designation was based) were not "crime[s] of violence." The crux of Petitioner's motion was that the so-called

1

residual clause in the Guidelines' since-amended definition of the term "crime of violence" (U.S.S.G. § 4B1.2(a)(2)) was void for vagueness in light of *Johnson*, which had found "that the identical residual clause" in the Armed Career Criminal Act (18 U.S.C. § 924(e)(2)(B)(ii)) was unconstitutionally vague. Docket No. 35 at 2.

Several months later, on March 6, 2017, the Supreme Court decided *Beckles v. United States*, 137 S. Ct. 886 (2017). *Beckles* rejected the premise on which Petitioner's first § 2255 motion was based: that the Sentencing Guidelines are subject to vagueness challenges. *See id.* at 895 ("[W]e hold that the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness.")

Three weeks after the Supreme Court decided *Beckles*, Petitioner—still acting through counsel—filed a stipulation withdrawing his § 2255 motion without prejudice. Docket No. 40. Judge Michael A. Telesca, to whom this case had been transferred, approved Petitioner's withdrawal and transferred this case to the undersigned.

Petitioner, now proceeding *pro se*, then filed his second § 2255 motion, which is presently before the Court.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) limits the ability of federal prisoners to file "second or successive" habeas petitions by requiring prisoners to obtain authorization from the appropriate Court of Appeals before doing so. *See* 28 U.S.C. § 2255(h). For a § 2255 motion to be "second or successive" within the meaning of § 2255(h), a prisoner must, of course, have filed a prior § 2255 motion. And for a prior § 2255 motion to "count" as a prisoner's first under § 2255(h), the prior motion

must have been "adjudicated on the merits." *Villanueva v. United States*, 346 F.3d 55, 60 (2d Cir. 2003) (emphasis omitted). *See also Thai v. United States*, 391 F.3d 491, 494 (2d Cir. 2004) ("For a petition to be second or successive, 'it must at a minimum be filed subsequent to the conclusion of a proceeding that counts as the first.'") (quoting *Ching v. United States*, 298 F.3d 174, 177 (2d Cir. 2002)).

This case presents the question whether Petitioner's withdrawn § 2255 motion "counts" as his first § 2255 motion for purposes of AEDPA's second-or-successive rule.[1] If Petitioner's withdrawn § 2255 motion counts as his first for purposes of § 2255(h), Petitioner's current § 2255 motion is "second or successive" and must be transferred to the Second Circuit. If Petitioner's withdrawn motion does not count as his first § 2255 motion, then the Court may consider the pending § 2255 motion.

The Second Circuit has held that, when a habeas petitioner voluntarily withdraws a prior § 2255 petition, "the reasons for which [he] withdraws [the] § 2255 [motion] should govern the analysis of whether that [motion] counts for successive purposes, at least where the reasons for withdrawal are reasonably discernable." *Id.* at 495. This requires the Court to examine "the circumstances surrounding the withdrawal." *Id.* If those circumstances "clearly and objectively indicate that the petitioner knows his or her motion is meritless," then the prior § 2255 motion counts as a first motion for purposes of § 2255(h). *See also id.* ("[I]f a petitioner clearly concedes upon withdrawal of a § 2255 petition that the petition lacks merit, the withdrawal is akin to a dismissal on the merits and subsequent petitions will count as successive under AEDPA.")

---

[1] The Government argues that Petitioner's second § 2255 motion should be dismissed both as untimely and on the merits. However, if Petitioner's second § 2255 motion is "second or successive," only the Second Circuit, and not this Court, has jurisdiction to consider the motion. *See Torres v. Senkowski*, 316 F.3d 147, 151-52 (2d Cir. 2003). Thus, before the Court may consider the Government's arguments for dismissal, the Court must address whether Petitioner's pending § 2255 motion is "second or successive."

3

The objective circumstances surrounding Petitioner's withdrawal of his first § 2255 motion "suggest that [he] knew [that the] petition lacked merit." *Id.* at 496. Specifically, and most importantly, Petitioner voluntarily withdrew his first § 2255 petition three weeks after the Supreme Court decided *Beckles*, a case which unequivocally rejected the basis for Petitioner's first § 2255 motion. And second, Petitioner was represented by counsel when he withdrew his first § 2255 motion. *See id.* ("The fact that [petitioner] withdrew his motion after the government had filed a response might have weighed against him had he been assisted by counsel because it would have suggested that [petitioner] knew his petition was doomed.") (quotation marks omitted). These facts raise a fair inference that Petitioner's decision to withdraw his first § 2255 motion was based on his understanding that *Beckles* left him with no avenue for relief.

At the same time, Petitioner's stipulation of withdrawal provides no reason for his decision to withdraw his first § 2255 motion. In relevant part, it states only that "[i]t is . . . stipulated and agreed by and between the parties that this motion is voluntarily dismissed, without prejudice, by [Petitioner]." Docket No. 40. Thus, Petitioner's notice of withdrawal does not "acknowledge . . . that there were significant problems with his initial petition," nor does the notice, or anything else in the docket, "unambiguously indicate that he viewed his petition as completely lacking in merit." *Thai*, 391 F.3d at 496.

The bare-bones nature of Petitioner's notice of withdrawal makes this a more difficult question, but, nonetheless, an "objective[]" view of the "circumstances surrounding withdrawal," *id.*, provide few other reasonable explanations for Petitioner's decision to withdraw his first motion. As noted earlier, Petitioner, through counsel,

4

withdrew his § 2255 motion three weeks after the Supreme Court decided a case that would likely have rendered continued prosecution of his § 2255 motion frivolous. In other words, the objective circumstances strongly suggest that, after *Beckles*, Petitioner saw "the writing on the wall." *Potts v. United States*, 210 F.3d 770, 770-71 (7th Cir. 2000).[2] Under these circumstances, Petitioner's first § 2255 motion "counts" for purposes of § 2255(h). This is so regardless whether Petitioner's withdrawal was with or without prejudice. *See De Jesus Huarte v. United States*, Case Nos. 16-CV-21700 SEITZ/WHITE, 09-CR-20523 SEITZ, 2016 WL 7239488, at *3 (S.D. Fla. Dec. 14, 2016). *See also Thai*, 391 F.3d at 495 ("To allow withdrawal without prejudice in such circumstances would permit petitioners to thwart the limitations on the filing of second or successive motions by withdrawing their first petition as soon as it became evident that the district court was going to dismiss it on the merits.") (quotation marks and brackets omitted).

The Court therefore concludes that Petitioner's withdrawn § 2255 motion counts as his first § 2255 petition for purposes of 28 U.S.C. § 2255(h).[3] Petitioner's current § 2255 motion is, therefore, "second or successive." Thus, before the Court may consider the merits of Petitioner's second § 2255 motion, he must first move in the Second Circuit for "an order authorizing [this] court to" do so. 28 U.S.C. § 2244(b)(3)(A). Pursuant to 28 U.S.C. § 1631, the Court finds that it is in the interest of

---

[2] This conclusion is supported by a letter sent to Petitioner from the attorney who represented him when he filed and later withdrew his first § 2255 motion. The letter, one page of which Petitioner attached to his reply brief (Docket No. 47 at 5), does not reference *Beckles*, but it advises Petitioner to voluntarily withdraw his first § 2255 motion; it states that counsel has enclosed a stipulation of withdrawal for Petitioner to sign; it states that, if Petitioner did not provide a signed stipulation, counsel would withdraw; and it apologizes for "this disappointing news." *Id.*

[3] If Petitioner believes the Court erred in characterizing his pending § 2255 motion as "second or successive," he may "challenge the transfer" at the Second Circuit "by moving to retransfer the matter to the district court." *Marmolejos v. United States*, 789 F.3d 66, 69 (2d Cir. 2015).

justice to transfer Petitioner's § 2255 motion to the Second Circuit so that that court may consider whether Petitioner has satisfied the requirements of 28 U.S.C. § 2244. *See Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996).

## CONCLUSION

For the reasons stated above, the Court finds that Petitioner's pending § 2255 motion (Docket No. 44) is "second or successive" within the meaning of 28 U.S.C. § 2255(h). The Clerk of the Court is directed to transfer the petition to the Clerk of the U.S. Court of Appeals for the Second Circuit. The Clerk of the Court shall also take all steps necessary to terminate the parallel civil action, 17-CV-0580-RJA.

**SO ORDERED.**

Dated: August 25, 2017             ___*s/Richard J. Arcara*_____
    Buffalo, New York             HONORABLE RICHARD J. ARCARA
                                               UNITED STATES DISTRICT JUDGE